IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN PEZL, individually and as the representative of a class of similarly-situated persons, ) ) ) ) | |
| Plaintiff, ) | No. 08 C 3993 |
| ) | |
| v. ) | Judge Ruben Castillo |
| ) | |
| AMORE MIO, INC., an Illinois corporation and DOES 1-10, ) ) ) | |
| Defendants. ) | |

# MEMORANDUM OPINION AND ORDER

John Pezl ("Plaintiff") brings this purported class action alleging violations of the Fair and Accurate Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), codified as 15 U.S.C. § 1681c(g), against Amore Mio, Inc., and Doe Defendants 1-10 (collectively "Defendants"). (R. 14, First Am. Compl.) Currently before the Court are Plaintiff's motion for class certification and Defendants' motion for summary judgment. (R. 53, Pl.'s Mot. for Class Cert.; R. 64, Defs.' Mot. for Summ. J.) For the reasons stated below, the motion for class certification is denied and the motion for summary judgment is granted.

## RELEVANT FACTS

Plaintiff alleges that on April 11, 2007, he received a computer-generated credit card receipt from Defendants' Amore Mio Restaurant, 1457 W. Palatine Road, Hoffman Estates, Illinois, displaying more than the last five digits of the credit card number. (R. 14, First Am. Compl. ¶¶ 17, 20.) Plaintiff was using his business, CE Design, Ltd. ("CE Design"),[1] credit card

---

[1] CE Design is an Illinois corporation. (R. 80, Pl.'s Am. Resp. to Defs.' Statement of Undisputed Facts ¶ 3.)

and admits that the transaction was for business purposes.[2] (R. 80, Pl.'s Am. Resp. to Defs.' Statement of Undisputed Facts ¶¶ 3, 10.) Plaintiff alleges that Defendants' action of printing more than the last five digits of the card number violated FACTA. (R. 14, First Am. Compl. ¶¶ 1-3.) Plaintiff seeks to bring this action on behalf of himself and other similarly situated individuals, and requests that this Court certify a class defined as:

> "All persons to whom Defendant provided an electronically-printed receipt at the point of a sale or transaction occurring after December 4, 2006, that displayed more than the last five digits of the person's credit card or debit card number."[3]

(*Id.* ¶ 21; R. 54, Pl.'s Mem. of Law in Support of Mot. for Class Cert ("Pl.'s Class Cert. Mem.") at 6.)

## PROCEDURAL HISTORY

On March 14, 2008, the original plaintiff in this action, CE Design, filed a class action complaint in the Circuit Court of Cook County, Illinois, against Defendants. (*See* R. 1, Notice of Removal.) On July 15, 2008, Defendants removed the action to this Court. (R. 1, Notice of Removal.) On July 25, 2008, in accordance with this Court's orders (R. 12, 7/21/2008 Min. Order; R. 13, 7/25/2008 Min. Order), Plaintiff filed an amended complaint, substituting John Pezl as the named plaintiff. (R. 14, First Am. Compl.) On April 10, 2009, Plaintiff moved to certify the class pursuant to Federal Rule of Civil Procedure 23. (R. 53, Pl.'s Mot. for Class Cert.) Subsequently, on May 26, 2009, Defendants moved for summary judgment pursuant to

---

[2] CE Design and Plaintiff's name are identified on the card. (R. 80, Pl.'s Am. Resp. to Defs.' Statement of Undisputed Facts ¶¶ 6-7.)

[3] The Court notes that the proposed class definition set forth in Plaintiff's motion for class certification differs slightly from the proposed definition in the First Amended Complaint. (*See* R. 14, First Am. Compl. ¶ 22; R. 54, Pl.'s Class Cert. Mem. at 6.) The First Amended Complaint refers to "[a]ll consumers" instead of "all persons." (*Id.*)

Federal Rule of Civil Procedure 56(c). (R. 64, Defs.' Mot. for Summ. J.)

## ANALYSIS

### I. Plaintiff's Motion for Class Certification

First, the Court will determine if class certification is appropriate in this case.[4] A plaintiff seeking class certification has the burden of proving that the proposed class meets the requirements of Rule 23. *Arreola v. Godinez*, 546 F.3d 788, 794 (7th Cir. 2008). A class may be certified if "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Failure to meet any of the requirements of Rule 23(a) and at least one requirement of Rule 23(b) precludes class certification. *Arreola*, 546 F.3d at 794.

The Court has "broad discretion" to determine whether the proposed class meets the requirements of Rule 23. *Id.* In deciding whether to certify a class, the Court may probe beyond the pleadings to make whatever factual or legal inquiries necessary to determine whether class treatment is appropriate. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001). However, the Court must evaluate the class certification motion without regard to the ultimate merits of a plaintiff's claims. *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 835 (N.D. Ill. 2008).

---

[4] Class certification should be determined before considering the merits of a claim. *See* Fed. R. Civ. P. 23(c)(1); *Larson v. JPMorgan Chase & Co.*, 530 F.3d 578, 581 (7th Cir. 2008)(quoting *Bieneman v. City of Chicago*, 838 F.2d 962, 964 (7th Cir. 1998) ("it is . . . difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits.")).

3

Plaintiff argues that the proposed class meets the requirements of Rule 23(a) and Rule 23(b)(3). (R. 53, Pl.'s Mot. for Class Cert. ¶¶ 1, 2.) Defendants, however, contend that Plaintiff has failed to meet his burden to demonstrate all of Rule 23(a)'s requirements. (R. 62, Defs.' Mem. of Law in Opp'n to Pl.'s Mot. for Class Cert. ("Defs.' Class Cert. Resp.") at 3-6.) Specifically, Defendants argue that Plaintiff fails to demonstrate typicality and adequacy. (*Id.*)

### A. Numerosity

The first requirement under Rule 23(a) is that the purported class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). As few as forty class members can render joinder impractical, especially when the members are "widely scattered and their holdings are generally too small to warrant undertaking individual actions." *Murray v. E*Trade Fin. Corp.*, 240 F.R.D. 392, 396 (N.D. Ill. 2006). Plaintiff claims that "this case involves approximately 11,486 violations of FACTA."[5] (R. 54, Mem. of Law in Support of Pl.'s Mot. for Class Cert. ("Pl.'s Class Cert Mem.") at 7.) The Court finds that joinder of potentially thousands of suits in this case is impractical; therefore, the numerosity requirement is satisfied.

### B. Commonality

The second requirement under Rule 23(a) is that the plaintiff must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requirement is satisfied where the claims of individual class members arise from a "common nucleus of operative fact" such that resolution of common questions affect all or substantially all of the class

---

[5] Defendants argue that Plaintiff's estimate is "based solely on the number of receipts produced in this case," and disagree that this estimate "accurately reflects the actual number of potential class members." (R. 62, Defs.' Class Cert. Resp. at 3 n.2.) Nonetheless, Defendants concede that "there may be a large number of consumers who potentially received a non-compliant receipt." (*Id.*)

4

members. *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998). Here, Plaintiff alleges that Defendants engaged in standardized conduct arising from a common nucleus of operative fact: the printing of receipts in violation of FACTA. Accordingly, the questions of law and fact are common for each member of the class and commonality is satisfied.[6]

### C.     Typicality

The third Rule 23(a) requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A plaintiff's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . her claims are based on the same legal theory." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006). The presence of defenses particular to the named plaintiff may destroy typicality. *Robles v. Corporate Receivables, Inc.*, 220 F.R.D. 306, 309 (N.D. Ill. 2004) (quotations omitted).

Defendants argue that Plaintiff's claim is not typical because "he is suing based on a credit card number belonging to a corporation" and is therefore "subject to unique defenses." (R. 62, Defs.' Class Cert. Resp. at 4-5.) Plaintiff used his business credit card and admits that the transaction at issue was for business purposes. (R. 80, Pl.'s Am. Resp. to Defs.' Statement of Undisputed Facts ¶¶ 6, 10.) Defendants argue that "transactions involving business credit cards are excluded from the FRCA." (*Id.*) The FCRA provides in pertinent part: "Any person who willfully fails to comply with any requirement of this [subchapter] with respect to any consumer is liable to that consumer . . . ." 15 U.S.C. § 1681n. "Consumer" is defined as "an individual."

---

[6] Defendants concede that there are "common questions," but argue that these questions do not predominate. (R. 62, Defs.' Class Cert. Resp. at 3 n.3.)

5

15 U.S.C. § 1681a(c). Therefore, the FCRA provides a private right of action for individuals and not business entities. *Shurland v. Bacci Café & Pizzaria on Ogden Inc.*, No. 08C2259, 2009 U.S. Dist. LEXIS 73309, *26 (N.D. Ill. Aug. 19, 2009)("any private cause of action under § 1681n [is limited] to natural persons, as opposed to artificial entities."); *Beringer v. Standard Parking Corp.*, No. 07C5027, 2008 U.S. Dist. LEXIS 72873, * 17 n.1 (N.D. Ill. Sept. 24, 2008)("the FCRA applies only to natural persons and not artificial entities.").

Plaintiff argues that he is "suing under FACTA specifically, and not FCRA generally," and that "FACTA expressly applies to all receipts printed for any 'cardholder' and that includes Plaintiff."[7] (R. 70, Pl.'s Class Cert. Reply at 3; R. 77, Pl.'s Summ. J. Resp. at 7.) However, FACTA does not contain a separate provision establishing a private cause of action; the right to sue is granted under the FCRA. 15 U.S.C. § 1681n; *Follman v. Village Squire, Inc.*, 542 F. Supp. 2d 816, 819 (N.D. Ill. 2007) (finding that the "unambiguous language" of the FCRA provides a private right of action for "consumers" to enforce the requirements of FACTA).

Plaintiff misinterprets our colleague Judge Kendall's decision in *Follman*. (*See* R. 70, Pl.'s Class Cert. Reply at 4; R. 77, Pl.'s Summ. J. Resp. at 7.) Contrary to Plaintiff's contention, *Follman* did not find that business entities have a civil remedy for a violation of FACTA. *See Follman*, 542 F. Supp. 2d at 819. Although the court recognized that FACTA "applies broadly to both individual cardholder and entity cardholders," the court specifically held that Section 1681n provides a private right of action for *consumer* cardholders to enforce FACTA's requirements.

---

[7] "Cardholder" is not defined by the FCRA, but Title 15 defines "cardholder" as "any person to whom a credit card is issued or any person who has agreed with the card issuer to pay obligations arising from the issuance of a credit card to another person." 15 U.S.C. § 1602(m). "Person" is defined as "a natural person or an organization." 15 U.S.C. § 1602(d).

6

*Id.* (emphasis added). This Court agrees; only consumer cardholders have a private right of action under FACTA. *See also Shurland*, 2009 U.S. Dist. LEXIS 73309, at *25-26 ("FACTA does restrict the availability of civil damages to *consumer* cardholders.") (emphasis in original).

Nevertheless, Plaintiff claims that "the credit card at issue does not 'belong' to a corporation." (R. 70, Pl.'s Class Cert. Reply at 7.) Plaintiff argues that he is "personally responsible" and "personally liable" for the card, and therefore class certification is appropriate. (*Id.*) Plaintiff includes the American Express Business Charge Card Agreement (the "Agreement") to support his argument. (*Id*, Ex. A at 8.) The Agreement, however, clearly states that the credit card at issue was established for "the Company," i.e. CE Design. The Agreement states that Plaintiff is a "Business Cardmember" authorized under "the Company's application" to use the card only for "commercial or business purposes." (*Id.*) Moreover, Plaintiff admits that the transaction was for business purposes. (R. 80, Pl.'s Am. Resp. to Defs.' Statement of Undisputed Facts ¶ 10.) Therefore, Plaintiff is not entitled to relief under the FCRA because the "consumer" in this case was CE Design, and not Plaintiff. *See Beringer*, 2008 U.S. Dist. LEXIS 72873, at *17 (distinguishing between transactions made with credit cards issued to individuals and those issued to entities for FCRA liability); *Najarian v. Avis Rent A Car System*, No. CV 07588, 2007 U.S. Dist. LEXIS 59932, *9-10 (C.D. Cal. June 11, 2007) (only customers who paid with "consumer" credit or debit cards qualify for relief under the FCRA).

Finally, Plaintiff argues that the issue of "whether an 'individual' or 'business'" credit card was used "should not preclude class certification." (R. 70, Pl.'s Class Cert. Reply at 7.) This Court disagrees. "[A] plaintiff against whom the defendants have a defense not applicable to other members of the class is not a proper class representative." *Hardy v. City Optical Inc.*, 39

7

F.3d 765, 770 (7th Cir. 1994). In this case, the typicality requirement is not met because Plaintiff's transaction involved a business credit card, which creates a unique defense. *Robles*, 220 F.R.D. at 309 (finding typicality is destroyed when "there is a danger that the absent class members will suffer if their representative is preoccupied with defenses unique to it.").[8]

Accordingly, Plaintiff fails to meet all of the requirements of Rule 23(a) and class certification is denied. *See Arreola*, 546 F.3d at 794 (failure to meet any of the requirements of Rule 23(a) precludes class certification).

## II. Defendants' Motion for Summary Judgment

Next, the Court will address Defendants' motion for summary judgment. (*See* R. 64, Defs.' Mot. for Summ. J.) Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008). In ruling on a motion for summary judgment, the Court must consider the facts in the light most favorable to the non-moving party. *SMS Demag Aktiengesellschaft v. Material Scis. Corp*, 565 F.3d 365, 368 (7th Cir. 2009).

Defendants argue that because the "FCRA does not provide a private right of action for

---

[8] For the same reasons, Plaintiff also fails to meet Rule 23(a)(4)'s requirement that the class representative be able to fairly and adequately represent the interests of the absent class members. *See* Fed. R. Civ. P. 23(a)(4); *Robles*, 220 F.R.D. at 309 (finding that the presence of defenses unique to the named plaintiff also brings into question the adequacy of the named plaintiff.)

8

corporations," they are entitled to summary judgment. (R. 66, Defs.' Mem. in Support of its Mot. for Summ. J. ("Defs.' Mem.") at 5.) Plaintiff relies on the same arguments he made in his motion for class certification. (R. 77, Pl.'s Summ. J. Resp. at 8.)

As the Court previously discussed, the FCRA does not provide a private right of action to business entities and this case involves a transaction with a credit card issued to the entity, CE Design. As such, Plaintiff is not entitled to relief under the FCRA and there is no "genuine issue for trial." Fed. R Civ. P. 56(c); *see also Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008)("To overcome a motion of summary judgment, the non-moving party must come forward with specific facts demonstrating that there is a genuine issue for trial."). Summary judgment is therefore granted to Defendants.[9]

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for class certification (R. 53) is DENIED and Defendants' motion for summary judgment (R. 64) is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Defendants and against Plaintiff.

Entered: _____

Judge Ruben Castillo
United States District Court

Dated: September 4, 2009

---

[9] The Court need not address the parties dispute over whether Defendants "willfully" violated the FCRA. (*See* R. 77, Pl.'s Summ. J. Resp. at 9-14.)