UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN PEZL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMORE MIO, INC., an Illinois corporation ) <br> and DOES 1-10, ) <br> ) <br> Defendants. ) | No. 08 C 3993 <br><br> Chief Judge Rubén Castillo |

## MEMORANDUM OPINION AND ORDER

On September 4, 2009, this Court granted a motion for summary judgment in favor of Defendants, Amore Mio Inc., and Does 1-10, and against Plaintiff John Pezl on his claim that Defendants violated the Fair and Accurate Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681c(g). (R. 106, Min. Entry; R. 107, Mem. Op. & Order.) Presently before the Court is Defendants' bill of costs pursuant to Federal Rule of Civil Procedure 54(d). (R. 113-2, Defs.' Bill of Costs.) Defendants seek $4,937.02 in total costs. (*Id.* at 1.) Specifically, Defendants requested $350.00 for court filing fees; $2,020.33 for court reporter expenses; $2,432.61 for printing and copying; and $134.08 in fees for exemplification and copies of papers necessarily obtained for use in the case. (*Id.*) Plaintiff concedes costs for court filing fees. (R. 119, Pl.'s Resp. at 5.) The court reporter fees, and fees for printing and copying remain in dispute. (*Id.*) Specifically, Plaintiff argues that court reporter fees should be reduced to $735.11, and printing and copying costs reduced to $1,367.50, for a total award of $2,452.61. (*Id.* at 3-5.) For the reasons stated below, the Court awards Defendants $3,926.90 in costs.

## LEGAL STANDARD

Pursuant to Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A district court may not tax costs under Rule 54(d), however, "unless a federal statute authorizes an award of those costs." *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-43 (1987)). The list of recoverable costs authorized under 28 U.S.C. § 1920 include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees . . . ; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services . . .

28 U.S.C. § 1920 (1)-(6).

Even if authorized by statute, however, "a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). In short, the determination of whether to tax "costs against a losing party requires two inquiries: (1) whether the cost imposed on the losing party is recoverable and (2) if so, whether the amount assessed for that item was reasonable." *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). "There is a presumption that the prevailing party

will recover costs, and the losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). The prevailing party then carries the burden of showing that the requested costs were "necessarily incurred and reasonable." *Trs. of the Chi. Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). Ultimately, the decision of whether to award costs is within the Court's discretion. *M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991).

## ANALYSIS

### I. Whether Barone & Jenkins, P.C. is entitled to all costs recovered

As a preliminary matter, the Court notes that Defendants' bill of costs includes expenses incurred by two different law firms. Attorneys from the firm SmithAmundsen, LLC, represented Defendants until March 2, 2009, (*see* R. 45, Mot. Substitute Att'y), at which point attorneys from the firm Barone & Jenkins, P.C. took over the case, (*see* R. 47, Min. Entry). David Jenkins, an attorney with Barone & Jenkins, attests that attorneys from SmithAmundsen provided him with copies of the costs their firm incurred. (R. 113-2, Jenkins Aff. at 1.) In addition, each receipt submitted as documentation for the requested costs clearly indicates which firm incurred the particular cost. Jenkins did not advise the Court or provide it with documentation of any fee-sharing arrangement between the two firms. In the absence of such an agreement, the Court will set out the amount both firms are entitled to recover under each category of fees. The Court assumes that the attorneys will share the fees pursuant to any agreement in place, or divide them in accordance with this opinion if no such agreement exists.

## II. Whether certain court reporter transcript expenses are recoverable

Defendants request $2,020.33 in court reporter expenses that include costs for deposition transcript copies, copies of exhibits, an E-Transcript Viewer ("ETV") disk, court reporter appearance fees, condensed transcript, a CD, delivery charges, and binding and processing charges. (R. 113-2, Dep. Invoices at 6-12.) Plaintiff argues that a number of these costs are not recoverable under Local Rule 54.1. (R. 119, Pl.'s Resp. at 1-3.) Specifically, Plaintiff argues that costs for copies of deposition transcripts exceeded the maximum amount permitted under Local Rule 54.1 of the Northern District of Illinois. (*Id.* at 2.) Plaintiff also argues that copies of exhibits are not recoverable because the prevailing party was already in possession of the exhibits, and in the alternative, if the Court does permit recovery for the exhibits, the cost listed by Defendants exceeds the amount permitted by law. (*Id.* at 3.) Further, Plaintiff argues that expenses for the ETV disk, condensed transcript, CD, delivery charges, and binding and processing charges are not recoverable. (*Id.* at 2.) The Court will address each argument in turn.

### A. Deposition transcript fees

Defendants' bill of costs seeks $1,587.69 for deposition transcripts. (R. 113-2, Dep. Invoices at 6-11.) Plaintiff does not challenge the charge for the Pezl deposition. However, he argues that charges for the Nicole Barbanente, Tony Barbanente, Frances Barbanente, Keith Ford, David Elliott, Sherry Speer, and Kim Schmidt depositions exceeds the amount permitted under Local Rule 54.1 based on his assumption that the transcripts were copies and not originals. (R. 119, Pl.'s Resp. at 2.)

A prevailing party may recover costs for deposition transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Under Local Rule 54.1(b) "only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel

4

and, for depositions, the copy provided to the court shall be allowed." N.D. Ill. L.R. 54.1(b); *see also Cengr v. Fusibond Piping Sys. Inc.*, 135 F.3d 445, 455-56 (7th Cir. 1998) (holding that under rules promulgated by the Judicial Conference, prevailing parties are permitted to recover for both an original deposition transcript and a copy of the transcript). The rate at the time the depositions were taken was $3.65 per page for original transcripts, and $0.90 per page for copies. *See* N.D. Ill. General Order 07-0024, October 29, 2007; *see also Richman v. Sheahan*, No. 98 C 7350, 2010 WL 2889126, at *2 (N.D. Ill. July 14, 2010) (permitting deposition transcripts at a copy rate of $3.65 for an original and $0.90 for a copy to each party).

Here, Plaintiff erroneously assumes that because the Barbanente, Ford, Elliott, Speer, and deposition invoices label the transcripts as "copies," they are not original transcripts, and thus the appropriate per page rate is $0.90. (R. 119, Pl.s' Resp. at 2.) However, based on the record before the Court, the transcripts for these depositions, while labeled copies, were the only transcripts provided to Defendants, and therefore are more properly understood as original transcripts within the meaning of Local Rule 54.1. *See Haroco, Inc. v. Am. Nat. Bank & Trust Co. of Chi.*, 38 F.3d 1429, 1441 (7th Cir. 1994) (holding that where a set of deposition transcripts is the only set the prevailing party received for the deponents, the transcripts are considered originals and may be taxed at the original transcript rate). The invoices for the Ford, Elliott, Speer, and Barbanente depositions all reflect a per page rate charge under the maximum $3.65 rate permitted by the Judicial Conference. (R. 113-2, Dep. Invoices at 6-10.) Accordingly, the Court will not deduct the Pezl, Barbanente, Ford, Elliott, and Speer deposition transcripts from

Defendants' deposition transcript costs.[1]

Defendants also seek to recover for the Kim Schmidt deposition transcript. (R. 113-2, Schmidt Invoice at 11.) Unfortunately, the invoice does not set out the per page rate or the number of pages for the transcript, instead it simply provides a single sum total for the deposition. (*Id.*) "[W]here a party seeking costs fails to provide specific information relating to . . . the number of pages in a requested transcript, no costs will be awarded. Without this type of information, it is impossible for the Court to determine whether specific costs are reasonable and necessary." *Glenayre v. Elecs., Inc. v. Jackson*, No. 02 C 0256, 2003 WL 21947112, at *2 (N.D. Ill. Aug. 11, 2003). Courts in this District have denied the award of costs where invoices lack this crucial information. *See id.* (collecting cases). As a result, the Court will deduct $345.00 for these transcripts from Defendants' deposition transcript costs.

## B.     Exhibit copies

Defendants seek a total of $86.65 in expenses for exhibit copies of the Barbanente, Ford, Speer, and Elliott depositions. (R. 113-2, Dep. Invoices at 7-9.) Plaintiff argues that these

---

[1] The Elliott invoice aggregates several items, including an E-transcript, ASCII disk, and mini-transcript, with the original transcript and provides one cost for all of the items ($140.40). (R. 113-2, Elliott Invoice at 10.) The quantity of pages on the invoice for this line item is 52 pages. (*See id.*) The original transcript is also 52 pages, (R. 68-13, Ex. K, Elliott Dep.), and therefore it appears that either the $2.70 per page rate for the original transcript was inflated to account for the additional items listed, or the court reporter included them at no cost. The Court is aware that the costs for some of these items are generally unrecoverable, which the Court discusses below. However, even if the rate was inflated to include these additional items, it is still well below the maximum per page rate of $3.65. Therefore, Plaintiff has not been prejudiced by permitting Defendants to recover this cost, as Defendants are entitled to recover up to $189.80 for the original transcript at the maximum per page rate. While this invoice does not delineate the costs in the most ideal manner, Defendants are only required "to provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Defendants have done so, and given the "strong presumption" of recovering costs, *see Park*, 297 F.3d at 617, the Court finds it appropriate to award this cost.

charges are not recoverable because Defendants were already in possession of the exhibits. (R. 119, Pl.'s Resp. at 3.) A prevailing party may recover "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Thus, "[c]osts for exhibits are recoverable if the exhibits were reasonable and necessary, in that they aid in understanding an issue in the case." *Nilssen v. Osram Sylvania, Inc.*, No. 01 C 3585, 2007 WL 257711, at *3 (N.D. Ill. Jan. 23, 2007). The Seventh Circuit has held that when the prevailing party is already in possession of the deposition exhibits, the charges for making additional copies are not recoverable. *Cengr*, 135 F.3d at 456.

Here, Defendants' affidavit does not explain why these exhibits were necessary or how they aided in understanding the issues in this case. Defendants also fail to respond to Plaintiff's contention that they already possessed copies of the exhibits. Although there is a strong presumption that the prevailing party will recover costs, *Park*, 297 F.3d at 617, the "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable[,]" *Cork Plastering Co.*, 570 F.3d at 906. Accordingly, the Court will deduct $88.87 for the costs of exhibits from Defendants' bill of costs.

### C. ETV disk

Defendants seek reimbursement in the amount of $49.00 for an ETV disk related to the Pezl deposition. (R. 113-2, Pezl Invoice at 6.) Courts in this District have not awarded costs for ETV disks. *See U.S. Fid. & Guar. Co. v. Shorenstein Realty Services, L.P.*, 803 F. Supp. 2d 920, 923 (N.D. Ill. 2011) ("[T]he ETV disk and archiving fee are not recoverable."); *Plyler v. Whirlpool Corp.*, No. 08 C 6637, 2012 WL 5845428, at *3 (N.D. Ill. Nov. 19, 2012) (denying recovery for an ETV disk absent an explanation as to why the charge was not merely for convenience of the lawyer); *Comrie v. IPSCO Inc.*, No. 08 C 3060, 2010 WL 5014380, at *3

7

(N.D. Ill. Dec. 1, 2010) (denying recovery for the cost of an ETV disk). Defendants have not provided the Court with any justification for this cost. Accordingly, the Court will deduct this charge from Defendants' bill of cost.

### D. Condensed transcript and CD charges contained in Ford invoice

Defendants also seek $10.00 in costs for a condensed transcript and $10.00 in costs for a CD from the Ford deposition. (R. 113-2, Ford Invoice at 8.) Plaintiff argues that these expenses are not recoverable. (R. 119, Pl.'s Resp. at 2.) Plaintiff is correct that some courts in this District have not permitted the recovery of fees for condensed transcripts. *See Ochana v. Flores*, 206 F. Supp. 2d 941, 945 (N.D. Ill. 2002); *Winery v. City of Chi*, No. 96 C 1208, 2000 WL 1222152, at *3 (N.D. Ill. Aug. 22, 2000). Other courts in this District, however, have permitted recovery for condensed transcript costs, noting that under Local Rule 54.1 "the losing party can be taxed for the cost of a deposition transcript plus one copy." *Rexam Beverage Can Co. v. Bolger*, No. 06 C 2234, 2008 WL 5068824, at *8 (N.D. Ill. Nov. 25, 2008) (holding that "[w]here the party seeking to recover costs elects to receive a condensed transcript in lieu of a full-sized copy," it is sensible to award the cost of a condensed transcript); *Angevine v. WaterSaver Faucet Co.*, No. 02 C 8114, 2003 WL 23019165, at *4 (N.D. Ill. Dec. 23, 2003) (holding that because the cost of the prevailing party's "min-u-script" copy was significantly less than what a full copy would have cost at the allowable per-page rate under Local Rule 54.1, it was reasonable to award the cost of the minuscript).

Here, similar to the prevailing parties in *Rexam* and *Angevine*, Defendant seeks to recover costs for a condensed transcript in lieu of a full-sized copy. However, in this case, there is no cost-saving benefit, as the cost of the condensed transcript is greater than that of a full copy. *See Rexam*, 2008 WL 5068824, at *8. At 91 pages and using a copy rate of $0.10 per page, a full-

8

sized copy of the Ford deposition would cost $9.10. *See* N.D. Ill. General Order 07-0024, October 29, 2007. Therefore, the Court will reduce the charge for the condensed transcript of the Ford deposition to $9.10, which should be allocated to Barone & Jenkins.

Defendants also seek costs for the CD containing Ford's deposition. Courts in this District have not permitted recovery for CDs. *See Fidelity*, 803 F. Supp. 2d at 925 (denying awarding of costs associated with a CD); *Comrie*, 2010 WL 5014380, at *4 (denying costs for a CD-ROM); *Menasha Corp. v. News Am. Mktg. Instore, Inc.*, No. 00 C 1895, 2003 WL 21788989, at *3 (N.D. Ill. 2003) (denying costs for CD copy of deposition transcript where paper transcript was also purchased). Here, Defendants also purchased a paper copy of Ford's transcript, and do not explain the necessity of having the transcript on a CD as well. Accordingly, the Court will deduct $10.00 for the CD from Defendants' awarded costs.

### E. Delivery charges

Defendants also seek $122.00 in delivery charges for deposition transcripts.[2] (R. 113-2, Dep. Invoices at 6-10.) Delivery costs are not explicitly mentioned in 28 U.S.C. § 1920. Generally postage, shipping, and delivery costs are considered "ordinary business expense[s] and may not be charged in relation to obtaining transcripts." *Rogers v. City of Chi.*, No. 00 C 2227, 2002 WL 423723, at *2 (N.D. Ill. Mar. 15, 2002) (citing VI Judicial Conference of the United States, Guide to Judiciary Policies and Procedures, Court Reporters Manual, Ch. [2, § 206.50.20]); *see also SP Techs., L.L.C. v. Garmin Int'l, Inc.*, No. 08 CV 3248, 2014 WL 300987, at *4 (N.D. Ill. Jan. 10, 2014) (disallowing costs associated with the shipping or delivery of

---

[2] The Court's calculations for delivery charges include: $10.50 for the Pezl deposition, (R. 113-2, Pezl Invoice at 6); $30.00 from the Barbanente depositions, (R. 113-2, Barbanente Invoice at 7); $42.50 from the Ford deposition, (R. 113-2, Ford Invoice at 8); $21.00 from the Speer deposition, (R. 113-2, Speer Invoice at 9); and $18.00 from the Elliott deposition, (R. 113-2, Elliott Invoice at 10).

9

deposition transcripts); *Heneghan v. City of Chi.*, No. 09 C 759, 2011 WL 4628705, at *2 (N.D. Ill. Oct. 3, 2011) (the court "has repeatedly held that shipping and delivery fees constitute an ordinary business expense, and as such will not award them in this case"); *Gallagher v. Gallagher*, No. 07 CV 4196, 2010 WL 2610192, at *3 (N.D. Ill. Jun. 25, 2010). The Seventh Circuit has held that a district court has the discretion to tax delivery charges "incidental" to the taking of a deposition. *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995); *see also Little*, 514 F.3d at 701.

Here, Defendants have not explained why the delivery charge was incurred, nor have they provided the Court with any rationale for why it should exercise its discretion to tax this particular charge. *See Chi. Bd. Options Exch., Inc. v. Int'l Secs. Exch., L.L.C.*, No. 07 CV 623, 2014 WL 125937, at *3-*4 (N.D. Ill. Jan. 14, 2014) (denying costs for delivery charges because delivery was for defendant's convenience and was not reasonable and necessary); *Druckzentrum Harry Jung GmbH & Co. KG v. Motorola, Inc.*, No. 09-cv-7231, 2013 WL 147014, at *3 (N.D. Ill. Jan 11, 2013) (denying costs for delivery fees because defendant made no attempt to explain why the fees were reasonable or necessary); *Cleary v. Philip Morris Inc.*, No. 09 C 1596, 2010 WL 4039793, at *4 (N.D. Ill. Oct. 14, 2010). Accordingly, the Court deducts $122.00 in delivery charges from Defendants' awarded costs.

### F. Binding and processing and bates stamping charges

Defendants also seek to recover $5.00 for binding and processing charges and $2.22 for Bates stamping related to the Elliott deposition. (R. 113-2, Elliott Invoice at 10.) Some courts have awarded recovery for binding charges on the grounds that "[t]hese services are necessary to reproduce a document in a way that is organized and useful to the opposing party and the court." *First City Secs., Inc. v. Shaltiel*, No. 92 C 2620, 1993 WL 408370, at *2 (N.D. Ill. Oct. 8, 1993);

*see also Harkins v. Riverboat Servs. Inc.*, 286 F. Supp. 2d 976, 981 (N.D. Ill. 2003) (permitting recovering binding costs in some instances); *Canal Barge Co. v. Commonwealth Edison Co.*, No. 98 C 0509, 2003 WL 1908032, at *4-*5 (N.D. Ill. Apr. 18, 2003) (permitting recovery for bates stamping where it is reasonably necessary to the ordered production and use of documents in a case).

In the instant case, Defendants simply list the binding and bates stamping charges without providing any explanation as to why such services were necessary or useful to the opposing party or the Court. Defendants have failed to meet their burden in demonstrating that the cost was "necessarily incurred." *See Cork Plastering Co.*, 570 F.3d at 906. Therefore, the Court will deduct the binding and bates stamping charges of $7.22 from Defendants' bill of costs.

In total, Defendants are awarded $1,352.79 in court reporter transcript fees. SmithAmundsen is entitled to $225.04, and Barone & Jenkins is entitled to $1,127.75.

## II. Whether certain printing and exemplification costs are recoverable

Defendants' bill of costs also contained expenses for printing totaling $2,432.61 and $134.08 in costs for exemplification and copies of papers necessarily obtained for use in the case. (R. 113-2, Defs.' Bill of Costs at 2-3.) Plaintiff argues that certain costs are unrecoverable, including charges related to: (1) in-house copying; (2) color copies, labels, manila folders, and a CD master; (3) delivery charges; (4) PACER research; and (5) paralegal services. (R. 119, Pl.'s Resp. at 3-4.) Plaintiff also argues that the copy rate for certain documents exceeds those permitted by law. (*Id.* at 5.) The Court will address each argument in turn.

### A. In-house copying charge

Defendants' bill of costs contains a charge of $136.00 for in-house copying costs. (R. 113-2, SmithAmundsen Copy Invoices at 18-26; R. 113-2, Jenkins Aff. at 2.) A prevailing party

11

may recover costs for copies of materials that were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). This includes costs for copies related to discovery and copies of pleadings, motions, and memoranda submitted to the court, but it does not include copies made solely for the convenience of counsel. *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). The Seventh Circuit has awarded costs for in-house copying. *See Martin v. United States*, 931 F.2d 453, 455 (7th Cir. 1991) ("Expenses of reproduction which are clearly recoverable as costs when a commercial printer is used are also recoverable when incurred through in-house methods." (quoting *Pepsico, Inc. v. Swan, Inc.*, 720 F.2d 746, 747 (2d Cir. 1983) (internal alteration omitted))). However, courts in this District have denied costs for copying where invoices fail to describe the nature of the documents copied, or the purpose of the copies. *See Se-Kure Controls, Inc. v. Vanguard Prods. Grp.*, 873 F. Supp. 2d 939, 947 (N.D. Ill. 2012) (Castillo, J.) (collecting cases); *Chi. Bd. Options Exch.*, 2014 WL 125937, at *8 (collecting cases); *Shanklin Corp. v. Am. Packaging Mach., Inc.*, No. 95 C 1617, 2006 WL 2054382, at *5 (N.D. Ill. July 18, 2006).

Here, Defendants' invoice only provides the quantity of pages copied, and rates charged per copy; none of the invoices describe the nature of the documents copied, or the purpose of the copies. (*See* R. 113-2, Copy Invoices at 18-26.) Without more information, it is difficult for the Court to discern whether Defendants seek reimbursement for copies that were necessarily incurred for the litigation or made solely for the convenience of counsel. Defendants' counsel attests that the in-house copying charges were incurred "in connection with the defense of the litigation." (R. 113-2, Jenkins Aff. at 2.) Defendants fail to provide any further justification. *See Le Moine v. Combined Commc'ns. Corp.*, No. 95 C 5881, 1996 WL 435115, at *2 (N.D. Ill. July 31, 1996) ("A prevailing party may not simply make unsubstantiated claims that . . .

documents were necessary, since the prevailing party alone knows for what purpose the copies were made"); *Shanklin*, 2006 WL 2054382, at *5 (same). Accordingly, the Court will deduct $136.00 from Defendants' copying costs.

### B. Charges for color copies, labels, manila folders, and CD master

Defendants also request costs for color copies, labels, manila folders, and a CD master that total $62.50. (R. 113-2, Digital Legal Invoice at 27.) Courts have not awarded recovery for color copies, labels, folders, or CDs absent an explanation as to why such expenses were necessary. *See Fidelity*, 803 F. Supp. 2d at 925 (denying recovery of costs for folders, CD, and color copies absent an explanation as to why such "extras" were necessary); *see also Somat Corp. v. Somat Corp.*, No. 90 C 4943, 1993 WL 75155, at *3 (N.D. Ill. June 27, 2011) (denying the recovery of labels absent an explanation as to their purpose in the litigation). Defendants offer no explanation for the necessity of these expenses. Accordingly, the Court will reduce Defendants' copying costs by $62.50.

### C. Delivery charges

Defendants' bill of costs contains a delivery charge of $59.44 for messenger services. (R. 113-2, Messenger Service Invoice at 30.) It also contains a Federal Express charge of $45.07 to deliver records from SmithAmundsen to Barone & Jenkins. (R. 113-2, Copy Invoices at 26.) However, as discussed above, delivery charges are "ordinary business expenses" and thus are generally not recoverable. *Specht v. Google, Inc.*, No. 09 C 2572, 2011 WL 2565666, at *2 (N.D. Ill. June 27, 2011); *see also Alexander v. CIT Tech. Fin. Servs.*, 222 F. Supp. 2d 1087, 1092 (N.D. Ill. 2002) (costs of courier, postage, and delivery charges are typically considered overhead and not allowable as costs). Accordingly, the Court will deduct $104.51 from Defendants' bill of cost

13

### D. PACER research

Defendants also seek $14.34 for research performed on the Public Access to Court Electronic Records (PACER) system. (R. 113-2, PACER Invoice at 31.) Courts in this District have not permitted recovery of costs for PACER research. *See Freedom Mortg. Corp. v. Burnham Mortg., Inc.*, No. 03 C 6508, 2008 WL 4534162, at *2 (N.D. Ill. Oct. 3, 2008) (denying costs for PACER research); *Angevine*, 2003 WL 23019165, at *9 ("Charges for Pacer research fall into the same category as Westlaw and Lexis computerized research charges, *i.e.*, they are not recoverable as costs under § 1920."); *see also Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409 (7th Cir. 2000) ("Computer research charges are considered a form of attorneys' fees," and thus are not to be awarded in a bill of costs). Accordingly, the Court will deduct $14.34 from Defendants' bill of costs.

### E. Paralegal fees

Defendants also seek to recover $60.00 for one hour of paralegal services. (R. 113-2, Defs.' Bill of Costs at 29.) The Seventh Circuit has held that paralegal fees are not recoverable under 28 U.S.C. § 1920. *See Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) ("[O]utlays for travel and related expenses by attorneys and paralegals . . . . are not listed in 28 U.S.C. § 1920 and therefore may not be reimbursed as costs."); *Downes v. Volkswagen of Am., Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994) ("Expenses of litigation that are distinct from either statutory costs or the costs of the lawyer's time reflected in hourly billing rates—expenses for such things as postage, long distance phone calls, xeroxing, travel, paralegals and expert witnesses—are part of the reasonable attorney's fee . . . ." (citation omitted)). Therefore, the Court will reduce $60.00 from Defendants' bill of costs.

### F. Copying charges

Defendants seek to recover $2,286.61 in copying costs from Digital Legal Invoices. (R. 113-2, Digital Legal Invoices at 27-28.) Plaintiff does not dispute that Defendants may recover these costs, but argues that the copies were billed at $0.15 and $0.165 per page, instead of $0.10 per page. (R. 119, Pl.'s Resp. at 5.) Pursuant to Section 1920(4), charges for the "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are recoverable. 28 U.S.C. § 1920(4). Plaintiff mistakenly assumes that the $0.10 copy rate imposed by the Judicial Conference for deposition transcripts applies with equal force to other types of copies. As explained above, costs for deposition transcript copies are recoverable under Section 1920(2), whereas costs for copies of other types of documentary evidence are recoverable under Section 1920(4), and therefore the permissible copy rates differ. Courts in this District have found that photocopy rates between $0.10 and $0.20 per page are reasonable for copies under section 1920(4). *Blackwell v. Kalinowiski*, No. 08 C 7257, 2011 WL 3555770, at *3 (N.D. Ill. Aug. 11, 2011); *see Grayson v. City of Chi.*, No. 97 C 0558, 2003 WL 22071479, at *2 (N.D. Ill. Sept. 3, 2003); *Harkins*, 286 F. Supp. 2d at 982. The copy rates contained in Defendants' bill of cost, ranging from $0.15 to $0.165 per page, fall into the range of permissible copy rates. Accordingly, the Court will not deduct this expense from Defendants' bill of cost.

Therefore, the Court finds that SmithAmundsen is entitled to collect $322.65 in copying costs, and Barone & Jenkins is entitled to $1,901.46, for a total award of $2,224.11.[3]

---

[3] Defendants' initial request of $2,286.61 for copying costs includes a charge of $62.50 for color copies, labels, manila folders, and a CD master. Having already concluded that this charge is not recoverable, the Court adjusted Defendants' recovery for copying costs accordingly.

## CONCLUSION

For the foregoing reasons, Defendants' bill of costs (R. 113) is GRANTED in part. Defendants are awarded $350.00 in court filing fees, $1,352.79 in court reporter fees, $2,224.11 in printing and copying costs, for a total award of $3,926.90 in costs taxable to Defendants. SmithAmundsen is entitled to $897.69, and Barone & Jenkins is entitled to $3,029.21. The Court directs the fees to be allocated in a manner consistent with this opinion.

ENTERED: _____
Chief Judge Rubén Castillo
United States District Court

Dated: May 3, 2015